UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                              )
**PETER J. SHEIL,**           )
  **Plaintiff,**    )
                              )
  v.                )     Civil Action No.
                              )     10-12057-NMG
**LUSTIG, GLASER & WILSON P.C.** )
**and CHASE BANK NA,**        )
  **Defendants.**   )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

For the reasons stated below, the motion of defendant Lustig, Glaser & Wilson P.C. to dismiss for lack of subject matter jurisdiction is ALLOWED.

## I. Background

On November 23, 2010, Peter Sheil, who identifies himself as a resident of Dartmouth, Massachusetts, filed a self-prepared complaint against the law firm of Lustig, Glaser & Wilson P.C. ("LGW") and Chase Bank, N.A. ("Chase"). In his brief complaint, Sheil brings a claim against the defendants for the emotional distress they have allegedly caused him by requiring him to respond to "needless" interrogatories in a pending state court action. Compl. ¶ 4. Sheil asserts that the defendants' conduct rises to the level of harassment. Sheil seeks $5,000 in damages from each defendant.

Sheil states that LSG maintains an office in Needham, and that Chase is "headquartered in the United States." Id. ¶ 2. In

his jurisdictional allegation, Sheil states that, to the best of his knowledge, "the Court has jurisdiction over matters in the State of Massachusetts." Id. ¶ 3.

On December 7, 2010, LGW filed a motion under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction.[1] LGW contends that subject matter jurisdiction does not exist because Sheil has not stated a claim under federal law, the parties are not of diverse citizenship, and the amount of controversy does not exceed $75,000. LGW represents that it is a citizen of Massachusetts. It attached to its memorandum in support of its motion a document printed from the web page of the Secretary of State of the Commonwealth of Massachusetts indicating that LGW is a professional corporation organized in Massachusetts in 1992 with its principal place of business in Needham, Massachusetts.

Sheil did not file an opposition to the motion to dismiss. On December 10, 2010, he filed a motion for the Court to appoint a pro se clerk to assist him in this action.

---

[1] Summons have not issued pending the Court's decision on Sheil's motion for leave to proceed in forma pauperis and potential screening of the complaint under 28 U.S.C. § 1915(e)(2). However, because LGW waived service of summons and responded to the complaint with a dispositive motion, the Court will address the merits of the motion to dismiss. As the Court is dismissing this action for lack of subject matter jurisdiction, the Court will deny as moot the motion for leave to proceed in forma pauperis.

## II. Discussion

Contrary to the plaintiff's inference that this Court has jurisdiction over all legal disputes within the Commonwealth of Massachusetts, federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").[2]

A case arises under federal law for purposes of § 1331 if "a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assur., Inc. v. McVeigh, 546 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. of Val. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-38 (1983)). Here, the plaintiff does not reference, and the Court cannot identify, a federal law which provides a cause of

---

[2]Under 28 U.S.C. §§ 1333 and 1334, district courts also have jurisdiction over maritime and bankruptcy cases, but these statutes are inapplicable to this action.

action.  Further, there is not any indication in the complaint that resolution of his claim for harassment and/or emotional distress depends on the resolution of a substantial question of federal law.  The plaintiff is bringing a state law tort claim.  Subject matter jurisdiction does not exist under § 1331.

Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any defendant is a citizen of the same state as the plaintiff.  See id.  "For purposes of diversity, a person is a citizen of the state in which he is domiciled."  Padilla-Manqual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).  A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Here, Sheil and LGW are both citizens of Massachusetts; therefore, complete diversity of citizenship between the plaintiff and the defendants does not exist.  Further, Sheil has not alleged damages in excess of $75,000.  Therefore, subject matter jurisdiction does not exist under § 1332.

### ORDER

In accordance with the foregoing, the motion to dismiss for lack of subject matter jurisdiction (Docket No. 8) is **ALLOWED** and this case is **DISMISSED**.

The motions for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 2) and for appointment of a pro se clerk to assist the plaintiff (Docket No. 10) are **DENIED AS MOOT**.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated: 1/21/11